1  Daniel A. Johnson (State Bar No. 130724)
   daj.lawoffice@gmail.com
2  Law Offices of Daniel A. Johnson, P.C.
   22287 Mulholland Hwy. #440
3  Calabasas, California 91302
4  Telephone (818) 865-9000

5  Attorneys for Plaintiff Jake Holmes

6              **UNITED STATES DISTRICT COURT**

7         **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

8

9  JAKE HOLMES, an individual            )  CASE NO.
                                          )
10           Plaintiff,                   )  **COMPLAINT OF JAKE HOLMES**
                                          )  **FOR (1) COPYRIGHT**
11       vs.                              )  **INFRINGEMENT RE: BECOMING**
                                          )  **LED ZEPPELIN; (2) COPYRIGHT**
12                                        )  **INFRINGEMENT RE: YARDBIRDS**
   JAMES PATRICK PAGE, W                  )  **SOUND RECORDINGS; AND (3)**
13 CHAPPELL MUSIC CORP. d/b/a WC)          **BREACH OF CONTRACT**
   MUSIC CORP., SUCCUBUS MUSIC )
14 LIMITED, JIMMYPAGE.COM                 )
   LIMITED, SONY PICTURES                 )
15 CLASSICS, INC. PARADISE                )  **DEMAND FOR JURY TRIAL**
   PICTURES LIMITED, ALTITUDE             )
16 FILM SALES LIMITED, BIG                )
   BEACH LLC and DOES 1 through 20 )
17 inclusive,                             )
                                          )
18           Defendants.

19

20

21

22

23

24

25

26

27

28

**Complaint Of Jake Holmes**

Comes now Plaintiff Jake Holmes ("Plaintiff"), by and through his undersigned counsel, alleges as follows against all Defendants and Does 1 through 20 inclusive:

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) as this action arises under the Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 *et seq*.

2. Venue is proper in this District under 28 U.S.C. § 1400(a) as a substantial part of the vents giving rise to the claims occurred in this District and certain Defendants reside or may be found here.

## II. PARTIES

3. Plaintiff Jake Holmes is an individual who resides in the State of New York and the sole owner of the copyright in the musical composition titled "Dazed and Confused."

4. On information and belief, Defendant James Patrick Page professionally known as "Jimmy Page" ("Page") is an individual residing in England. On information and belief, Page conducts substantial, continuous and systematic business in the State of California and in this judicial district.

5. Defendant W Chappell Music Corp. d/b/a WC Music Corp. (hereinafter "WC Music Corp.") is a California corporation with its principal place of business located in Los Angeles, California in this judicial district. On information and belief, W Chappell Music Corp. is a wholly owned subsidiary of Warner Chappell Music, Inc. ("WCM"), itself a subsidiary of Warner Music Group Inc. ("WMG"), and is engaged in music publishing.

6. Defendant Succubus Music Limited ("SML") is a private limited company organized and existing under the laws of England and Wales. On information and belief, SML does substantial, continuous and systematic business

1
**Complaint Of Jake Holmes**

1  in California and in this judicial district, and its song catalog is administered by
2  WCM through WC Music Corp.

3    7.   Defendant JimmyPage.com Limited ("JPL") is a private limited company organized and existing under the laws of England and Wales. On information and belief, JPL conducts continuous and systematic business in the State of California and in this judicial district including, without limitation, licensing musical works from WC Music Corp, and distributing physical and digital sound recordings digital and physical platforms in California including, without limitation, Spotify, Apple Music, YouTube and Amazon.

4    8.   Defendant Sony Pictures Classics, Inc. ("SPC") is a Delaware with its principal place of business in Culver City, California in this judicial district. On information and belief, SPC is a wholly owned subsidiary of Sony Pictures Entertainment, Inc. ("SPE"), also a Delaware corporation with its principal place in Culver City, California in this judicial district.

   9.   Defendant Paradise Pictures Limited ("PP") is a private limited company organized under the laws of England and Wales. On information and belief, PP does substantial business in this judicial district including licensing motion pictures to SPC and/or SPE.

   10.  Defendant Altitude Film Sales Limited ("AFS") is a private limited company organized under the laws of England and Wales. On information and belief, AFS does substantial business in this judicial district including licensing motion pictures to SPC and/or SPE.

   11.  Defendant Big Beach LLC ("BB") is a limited liability company organized under California law, with its principal place of business in Los Angeles, California in this judicial district.

   12.  Plaintiff is currently unaware of the true names, conduct and capacities of Does 1 through 20, inclusive, and therefore sues them under fictitious names. Plaintiff will amend this Complaint to state their true names and capacities when

2
**Complaint Of Jake Holmes**

ascertained. Plaintiff alleges that each Doe Defendant is liable in some manner – whether as a direct, contributory or vicarious infringer, co-conspirator, or agent – for the conduct described herein.

13. On information and belief, at all relevant times, each Defendant acted as an agent, partner, alter ego, representative, or co-conspirator of the others and acted within scope of such relationship and with the knowledge, authorization, and ratification of the remaining Defendants.

14. Any reference herein to the conduct of "Defendants, refers to the acts of each Defendant jointly and severally, including officers, directors, employees, and agents acting with the course and scope of their agency or employment.

### III.    FACTUAL BACKGROUND

15. Plaintiff is the owner of exclusive rights in the copyright in the composition entitled "Dazed and Confused." Plaintiff's copyright in "Dazed and Confused" was registered with the United States Copyright Office on or about July 18, 1967 and bears Registration No. EU0000005346. Plaintiff's duly renewed copyright registration in "Dazed and Confused" was filed with the United States Copyright Office on or about December 7, 1995 and bears Renewal Registration No. RE0000712016. Plaintiff's copyright in "Dazed and Confused" shall sometimes hereinafter be referred to as the "Holmes Composition."

16. The Holmes Composition has been widely distributed and commercially exploited through album sales, live performances, digital downloads, streaming and licensing. Defendants have generated substantial revenues from unauthorized exploitation of the Holmes Composition, none of which have been paid to Plaintiff. Page learned of the Holmes Composition in or around 1967 when he was a member of the rock band the "Yardbirds." Starting in or around 1968, the Yardbirds began to publicly perform the Holmes Composition. Every performance of "Dazed and Confused" by the Yardbirds is a performance of the Holmes Composition.

17. In or around 1969, Page disbanded the Yardbirds and founded the internationally famous rock band "Led Zeppelin." Led Zeppelin's self-titled debut album included a musical composition entitled "Dazed and Confused" credited to Page as sole author (hereinafter sometimes referred to as the "Page Composition"). On June 28, 2010, Plaintiff filed a Complaint in the United States District Court for the Central District of California styled *Holmes v. James Patrick Page et al.*, CV10-4789-DMG-PJW (C.D. Cal.) for Copyright Infringement against certain defendants, including, *inter alia*, Page and WC Music Corp. (the "2010 Action"). In the 2010 Action, Plaintiff alleged that the defendants' use of the Page Composition constituted infringement of the Holmes Composition.

18. The parties to 2010 Action resolved the case by entering into a settlement agreement dated September 6, 2011 (the "9/6/11 Settlement"). On January 17, 2012, the 2010 Action was dismissed by stipulation of the parties pursuant to the 9/6/11 Settlement.

19. Paragraph 5 of the 9/6/11 Settlement provides in pertinent part: "Defendants acknowledge that they have no claim whatsoever to or with respect to the Holmes Composition. Defendants agree that Holmes created and had and has complete ownership of the Holmes Composition and the unrestricted right in perpetuity, throughout the World, to use, license, and exploit the Holmes Composition in any manner he sees fit, free from any claims from Defendants or the Defendant Parties."

20. Subsequent to the 9/6/11 Settlement and within the past three years prior to the filing of this action, Page and JPL released numerous sound recordings of the band Yardbirds which embody the Holmes Composition of "Dazed and Confused" including at least the following (collectively the "Yardbirds Sound Recordings"):

(a) Yardbirds '68;

(b) Live at the BBC Revisited;

(c) Dazed and Confused: The Yardbirds in '68 – Live at the BBC and Beyond;

(d) Dazed and Confused – Live in Bouton Rouge;

(e) The Yardbirds: The Ultimate Live at the BBC, live at Top Geer recorded 6 March 1968, and;

(f) The Yardbirds Live and Rare – Dazed and Confused – Live on 'Saturday Club' / 5-6 March 1968.

On information and belief, WB Music Corp., on behalf of Page and SML, (a) claimed that the Holmes Composition was the Page Composition; (b) falsely licensed to record labels, including JPL, the Holmes Composition as if was the Page Composition for use on the Yardbirds Sound Recordings; (c) collected monies, including, *inter alia*, license fees, mechanical, performance and synchronization royalties, and Google AdSense revenues on behalf of itself and SML earned from use of the Holmes Composition but falsely attributed to use of the Page Composition; and (d) retained a share of monies it collected and paid the balance to Page and SML. By falsely claiming that the Holmes Composition is the Page Composition, by falsely authorizing use of the Holmes Composition as if it is the Page Composition and by falsely collecting and receiving monies rightfully belonging to Plaintiff for use of his Holmes Composition, Page, SML and WC Music Corp. have willfully infringed the Holmes Composition.

21.  Separately and independently from the acts of willful infringement alleged in Paragraph 20 above, Defendants, and each of them have willfully infringed the Holmes Composition in connection with the documentary motion picture entitled "Becoming Led Zeppelin" (the "Film") released in the United States, including in this judicial district, in February 2025. The Film incorporates

at least two performances of "Dazed and Confused" – one by the Yardbirds and one by Led Zeppelin.  The Film credits state that: (a) the version of "Dazed and Confused" performed by the Yardbirds in the Film was "Written by Jimmy Page. Published by WC Music Corp. on behalf of Succubus Music Ltd." and, (b) the version of "Dazed and Confused" performed by Led Zeppelin in the Film was "Written by Jimmy Page, inspired by Jake Holmes.  Published by Warner/Chappel North America Ltd."  The Yardbirds performance of "Dazed and Confused" in the Film is a performance of the Holmes Composition.  On information and belief, the Yardbirds version of "Dazed and Confused" incorporated in the Film is the same audio that appears on the Yardbirds sound recording "Yardbirds '68" identified in Paragraph 20(a) above.  Page, SML, and WC Music Corp. have willfully infringed the Holmes Composition by falsely claiming that the Holmes Composition is the Page Composition, by purporting to license use in the Film of the Holmes Composition as if it was the Page Composition, and by collecting license fees for use of the Holmes Composition in the Film, Page, SML and WC Music Corp. have willfully infringed the Holmes Composition.

22.  On information and belief, the Film was produced by PP, AFS and BB who licensed the Film to SPC for distribution worldwide including, without limitation, in the United States and this judicial district.  By incorporating the Holmes Composition into the Film without Plaintiff's permission or authorization and then distributing the Film throughout the United States and the world, PP, AFS, BB and SPC infringed the Holmes Composition.  On information and belief, each of PP, AFS, BB and SPC knew or should have known before releasing the Film for national and international distribution that their use of the Holmes Composition without Plaintiff's authorization would constitute copyright infringement.

23.  On April 14, 2025, Plaintiff sent each Defendant by email, including PP, AFS, BB and SPC, a demand they cease and desist from any further

6
**Complaint Of Jake Holmes**

infringement of the Holmes Composition.  Defendants, and each of them, have ignored Plaintiff's cease and desist demand and continue to infringe the Holmes Composition by, *inter alia*, purporting to authorize its use in the Film and/or releasing the Film to "video on demand" on streaming platforms including Amazon and Apple TV.  On information and belief, Page, SML and WC Music Corp. have falsely licensed the Holmes Composition, without Plaintiff's authorization or consent, for use in the upcoming release of the Film in 2025 on physical media, including Blu-ray and DVD.  Defendants have thus committed multiple acts of willful infringement by continuing to use the Holmes Composition without authorization and in the face of both specific knowledge of Plaintiff's rights and Plaintiff's cease and desist demand.  On information and belief, Defendants plan on committing additional acts of willful infringement in connection with, *inter alia*, the anticipated release of the Film on physical media without Plaintiff's permission.

## FIRST CLAIM FOR RELIEF
## FOR COPYRIGHT INFRINGEMENT RE: BECOMING LED ZEPPELIN
## (AGAINST DEFENDANTS PAGE, WC MUSIC CORP., SML, SPC, PP, AFS AND BB)

24. Plaintiff repeats and realleges Paragraphs 1 through 5, 12 through 20 and 21 through 23 of this Complaint as if fully set forth herein.

25. As alleged hereinabove, Defendants Page, WC Music Corp., SML, SPC, PP, AFS and BB each has knowingly and willfully infringed Plaintiff's exclusive rights in the Holmes Composition under 17 U.S.C. § 106 in connection with their false and/or unauthorized use and exploitation of the Holmes Composition in connection with the Film without Plaintiff's consent or authorization.

26. Plaintiff is entitled to his actual damages sustained within the three years prior to the filing of this action and to the profits of Page, WC Music Corp., SML, SPC, PP, AFS and BB from the willful infringement of the Holmes

Composition in connection with the Film in an amount according to proof at trial or, at his election, statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504. Plaintiff is also entitled to (a) injunctive relief enjoining Page, WC Music Corp., SML, SPC, PP, AFS and BB from any further unauthorized use of the Holmes Composition in connection with the Film; (b) an accounting in connection with the false and unauthorized use by Page, WC Music Corp., SML, SPC, PP, AFS and BB of the Holmes Composition in connection with the Film and (c) attorneys' fees pursuant to 17 U.S.C. § 504.

## SECOND CLAIM FOR RELIEF
## FOR COPYRIGHT INFRINGEMENT RE: YARDBIRDS SOUND RECORDINGS
## (AGAINST DEFENDANTS PAGE, WC MUSIC CORP. AND SML)

27. Plaintiff repeats and realleges Paragraphs 1 through 7, and 12 through 21 of this Complaint as if fully set forth herein.

28. As alleged hereinabove, Defendants Page, WC Music Corp., and SML each has knowingly and willfully infringed Plaintiff's exclusive rights in the Holmes Composition under 17 U.S.C. § 106 in connection with their false and/or unauthorized use and exploitation of the Holmes Composition in connection with the Yardbirds Sound Recordings without Plaintiff's consent or authorization.

29. Plaintiff is entitled to his actual damages sustained within the three years prior to the filing of this action and to the profits of Page, WC Music Corp., and SML from the willful infringement of the Holmes Composition in connection with the Yardbirds Sound Recordings in an amount according to proof at trial or, at his election, statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504. Plaintiff is also entitled to (a) injunctive relief enjoining Page, WC Music Corp., and SML from any further false and unauthorized use of the Holmes Composition in connection with the Yardbirds Sound Recordings; (b) an accounting in connection with the false and unauthorized use of the Holmes

Composition by Page, WC Music Corp. and SML of the Holmes Composition in connection with the Yardbirds Sound Recordings and (c) attorneys' fees pursuant to 17 U.S.C. § 504.

## THIRD CLAIM FOR RELIEF
## FOR BREACH OF CONTRACT
## (AGAINST DEFENDANTS PAGE, WC MUSIC CORP. AND SML)

30. Plaintiff repeats and realleges Paragraphs 1 through 7, 12 through 21 and 28 of this Complaint as if fully set forth herein.

31. In every contract, there is an implied covenant of good faith and fair dealing under which each contracting party will not do anything to unfairly interfere with the right of the other party to receive the benefits of the contract.

32. Defendant breached the 9/6/11 Settlement Agreement and the implied covenant of good faith and fair dealing implied therein as alleged hereinabove.

33. Plaintiff performed all obligations, under the 9/6/11 Settlement Agreement except for those obligations Plaintiff was prevented or excused from performing.

34. As a proximate result of the foregoing, Plaintiff has sustained damages in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as set forth hereinafter.

On the First Claim For Relief

i. For actual damages according to proof at trial;

ii. For the profits of Page, WC Music Corp., SML, SPC, PP, AFS and BB in connection with the Film in an amount according to proof at trial or, at his election;

iii. For statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504;

iv. For an accounting in connection with the false and unauthorized use of Page, WC Music Corp., SML, SPC, PP, AFS and BB of the Holmes Composition in connection with the Film;

v. For a preliminary and permanent injunction enjoining Page, WC Music Corp., SML, SPC, PP, AFS and BB from any further false and unauthorized uses of the Holmes Composition in connection with the Film;

vi. For attorneys' fees pursuant to 17 U.S.C. § 504;

On the Second Claim for Relief

vii. For actual damages according to proof at trial;

viii. For the profits of Page, WC Music Corp. and SML in connection with the Yardbirds Sound Recordings an amount according to proof at trial or, at his election;

ix. For statutory damages of $150,000 per infringement pursuant to 17 U.S.C. § 504;

x. For an accounting in connection with the false and unauthorized use of Page, WC Music Corp. and SML of the Holmes Composition in connection with the Yardbirds Sound Recordings;

xi. For a preliminary and permanent injunction enjoining Page, WC Music Corp., and SML from any further false and unauthorized uses of the Holmes Composition in connection with the Yardbirds Sound Recordings;

xii. For attorneys' fees pursuant to 17 U.S.C. § 504;

On the Third Claim for Relief

xiii. For damages in an amount according to proof at trial;

xiv. For attorneys' fees pursuant to Paragraph 13 of the 9/6/11 Settlement;

On All Claims for Relief

xv. For costs of suit incurred;

xvi. For interest, prejudgment interest and post-judgment interest according to proof;

xvii. For such other and further relief as this Court may deem just and proper.

Dated: May 5, 2025          By _____
                                Daniel A. Johnson
                                Law Offices of Daniel A. Johnson, P.C.
                                **Attorneys for Plaintiff Jake Holmes**

## **DEMAND FOR A JURY TRIAL**

Plaintiff Jake Holmes requests a trial by jury on all issues for which he is entitled to a jury.

Dated: May 5, 2025            By  *Daniel A. Johnson*
                                        Daniel A. Johnson
                                        Law Offices of Daniel A. Johnson, P.C.
                                        **Attorneys for Plaintiff Jake Holmes**